T.C. Summary Opinion 2007-37


UNITED STATES TAX COURT


TRENT DESHAWN ALLSTON, Petitioner $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 15547-05S.              Filed March 7, 2007.


Trent Deshawn Allston, pro se.

Diana P. Hinton, for respondent.


COUVILLION, Special Trial Judge:  This case was heard
pursuant to section 7463 of the Internal Revenue Code in effect
at the time the petition was filed.[1]  The decision to be entered

_____

[1]Unless otherwise indicated, subsequent section references
are to the Internal Revenue Code in effect for the year at issue.
All Rule references are to the Tax Court Rules of Practice and
Procedure.

is not reviewable by any other court, and this opinion should not be cited as authority.

Respondent determined a deficiency of $4,482 in petitioner's Federal income tax for 2002. After a concession by respondent,[2] the issues for decision are: (1) Whether petitioner is entitled to deduct certain unreimbursed employee expenses; (2) whether petitioner is entitled to a deduction for charitable contributions; and (3) whether petitioner is entitled to a deduction for medical and dental expenses incurred in 2002.

At the time the petition was filed, petitioner's legal residence was Brooklyn, New York.[3]

During taxable year 2002, petitioner was employed as a campus police officer at Borough of Manhattan Community College. He also took courses at the college toward a degree in writing and literature. Upon the advice of some of his coworkers, petitioner engaged someone in the payroll department at Borough of Manhattan Community College to prepare his income tax return for 2002. He filed his 2002 Federal income tax return timely,

---

[2]Petitioner claimed itemized deductions on a Schedule A, Itemized Deductions, of $30,010 on his 2002 income tax return. In the notice of deficiency, respondent disallowed all of the Schedule A itemized deductions. At trial, respondent conceded petitioner's entitlement to deduct $2,965 for State and local income taxes paid. The remaining issues are all itemized deductions.

[3]The parties did not submit an agreed stipulation of facts at trial. Exhibits, however, were offered into evidence during the course of the trial.

which included a Schedule A, Itemized Deductions.  Petitioner reported adjusted gross income of $41,392 and claimed Schedule A itemized deductions of $30,010.  He reported an overpayment of tax for the year at issue and claimed a refund of $4,057.

On Schedule A of his return, petitioner claimed the following deductions:

|  |  |  | Amount |
|---|---|---|---|
| Line 1 | Medical and dental expenses | $6,970 | |
| Line 4 | Net medical deduction | | 3,866 |
| Line 5 | State and local income taxes | 2,965 | |
| Line 9 | Total taxes | | 2,965 |
| Line 15 | Gifts by cash or check | 3,860 | |
| Line 16 | Gifts other than by cash or check | 500 | |
| Line 18 | Total gifts to charity | | 4,360 |
| Line 20 | Unreimbursed employee business expenses | 19,647 | |
| Line 26 | Net limited miscellaneous deductions | | 18,819 |
| Line 28 | Total itemized deductions | | 30,010 |

Petitioner's return was selected for audit examination. Respondent's examination division requested documentation to support petitioner's claimed Schedule A itemized deductions. Petitioner did not provide the requested documentation.  In due course, a notice of deficiency was issued to petitioner for 2002 disallowing the $30,010 of Schedule A itemized deductions for lack of substantiation.

Petitioner filed a timely petition with this Court.  He alleged in his petition that he is not liable for the deficiency in tax for 2002 because he relied on the representations of his return preparer.

In due course, an Appeals officer sent petitioner a letter scheduling a conference and requested documentation to substantiate the claimed Schedule A itemized deductions for 2002. Petitioner telephoned the Appeals officer on the scheduled date to reschedule the conference to a later date. Petitioner failed to appear for the rescheduled conference, and he did not respond to the request for documentation to support his claimed itemized deductions.

Thereafter, petitioner was issued a letter for another conference. Respondent again requested that petitioner provide documentation to substantiate his Schedule A itemized deductions for the year at issue. Petitioner telephoned respondent to change the appointment to a subsequent date. Petitioner appeared at the later conference but did not provide any of the requested documentation. Moreover, as noted earlier, petitioner did not cooperate in the preparation of a stipulation of facts to present to the Court at commencement of the trial.

In general, the Commissioner's determinations in a notice of deficiency are presumed correct. Welch v. Helvering, 290 U.S. 111, 115 (1933). In pertinent part, Rule 142(a)(1) provides the general rule that "The burden of proof shall be upon the petitioner". In certain circumstances, however, if the taxpayer introduces credible evidence with respect to any factual issue relevant to ascertaining the proper tax liability, section 7491

places the burden of proof on the Commissioner.  Sec. 7491(a)(1);
Rule 142(a)(2).  Section 7491(a)(1) applies only if the taxpayer
complies with substantiation requirements, maintains all required
records, and cooperates with the Commissioner's requests for
witnesses, information, documents, meetings, and interviews.
Sec. 7491(a)(2).  The record shows that petitioner did not comply
with the substantiation requirements or cooperate with requests
for documentation, all of which would have facilitated trial of
this case.

Section 6001 and the regulations promulgated thereunder
require taxpayers to maintain records sufficient to permit
verification of income and expenses.  As a general rule, if the
trial record provides sufficient evidence that the taxpayer has
incurred a deductible expense, but the taxpayer is unable to
adequately substantiate the precise amount of the deduction to
which he or she is otherwise entitled, the Court may estimate the
amount of the deductible expense and allow a deduction to that
extent.  Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir.
1930).  Such an estimate is made bearing heavily against the
taxpayer whose inexactitude in substantiating the amount of the
expense is of his own making.  Id. at 544.  However, in order for
the Court to estimate the amount of an expense, the Court must
have some basis upon which an estimate may be made.  Vanicek v.
Commissioner, 85 T.C. 731, 742-743 (1985).

Moreover, deductions are a matter of legislative grace and are allowed only as specifically provided by statute.  INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).

With these well-established principles in mind, the Court must determine whether petitioner satisfied his burden of proving that he is entitled to the itemized deductions at issue.

As previously stated, on his Schedule A for 2002, petitioner deducted $18,819[4] of unreimbursed employee expenses for the following:

|  | Amount |
|---|---|
| Uniforms and dry cleaning | $8,860 |
| Equipment | 4,980 |
| Tuition | 2,960 |
| Subscriptions | 1,987 |
| Union dues | 860 |

Section 162 allows a deduction for ordinary and necessary business expenses paid or incurred during the taxable year in carrying on any trade or business.  Sec. 162(a); Deputy v. du Pont, 308 U.S. 488, 495 (1940).  A trade or business includes the trade or business of being an employee.  O'Malley v. Commissioner, 91 T.C. 352, 363-364 (1988).  The taxpayer bears the burden of substantiation.  Hradesky v. Commissioner, 65 T.C. 87, 90 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976).

---

[4]The amount claimed before the 2-percent floor imposed by sec. 67(a) was $19,647.

At trial, petitioner did not offer any receipts or documents to substantiate his claimed employee business expenses. Instead, he testified as to his claimed business expenses. With respect to the uniforms and dry cleaning, equipment, and professional dues, the Court is satisfied that petitioner did incur deductible expenses for these items. Although petitioner admitted he did not have receipts to substantiate these expenses, he testified credibly with respect to these items and their business purpose. Petitioner did admit, however, that his return preparer "exceeded" what was actually spent on uniforms, dry cleaning, and equipment during the year at issue. Accordingly, petitioner conceded that he spent, at most, $4,000 on uniforms and dry cleaning and $1,200 to $1,500 on equipment in 2002.

In the absence of adequate substantiation, the Court may, if convinced by the evidence, estimate the amount of deductible expenses incurred. Cohan v. Commissioner, supra at 543-544. Under the Court's discretionary authority pursuant to Cohan, the following amounts are allowed as unreimbursed employee business expense deductions on Schedule A:

|  | Amount |
| --- | --- |
| Uniforms and dry cleaning | $ 500 |
| Equipment | 350 |
| Professional dues | 500 |
| Total | $1,350 |

With regard to the $2,960 in unreimbursed employee business expense for tuition, petitioner testified that his coursework at

Borough of Manhattan Community College had nothing to do with his job as a campus security guard, conceding that the tuition expense was not, as claimed on his Schedule A, an unreimbursed employee business expense. See Evans v. Commissioner, T.C. Memo. 1974-267 (employee must show the relationship between the expenditures and the employment), affd. 557 F.2d 1095 (5th Cir. 1977).

With regard to the subscriptions expense, petitioner testified: "I have no idea what that is" and conceded that he was not entitled to the $1,987 deduction.

As noted earlier, petitioner also claimed charitable contributions for the following: (1) By cash or check in the amount of $3,860, and (2) other than by cash or check in the amount of $500. These contributions were disallowed for lack of substantiation.

With respect to charitable contributions, section 170 allows a deduction for charitable contributions during the taxable year if verified as provided by the regulations. Sec. 170(a)(1). No deduction is allowed for any contribution of $250 or more unless the taxpayer substantiates the contribution by a contemporaneous written acknowledgment of the contribution by the qualified donee organization. Sec. 170(f)(8)(A). The standards for record keeping and return requirements for deductions for charitable contributions are set forth in section 1.170A-13, Income Tax

Regs. Under the applicable provisions, a taxpayer claiming a charitable contribution deduction is required to maintain for each contribution a canceled check, some communication from the donee organization acknowledging receipt of a contribution and showing the date and amount of the contribution, or other reliable written records showing the name of the donee, along with the date and amount of the contribution. Sec. 1.170A-13(a)(1)(i) to (iii), Income Tax Regs.

At trial, petitioner testified that he regularly made cash contributions to the church where he and his former girlfriend attended services. He admitted he did not go to church every Sunday but claimed his cash contributions for the year 2002 totaled $3,860. Additionally, petitioner testified that he donated two Sony Playstations to the church constituting the $500 portion of the charitable contributions made other than by cash or check.

Petitioner did not offer any substantiating documents to support his charitable contributions for the year at issue, nor did he maintain records of the amount of his contributions. Notwithstanding the Court's discretionary authority pursuant to Cohan, a taxpayer must provide some basis upon which an estimate of the amount of a claimed deduction may be made. Vanicek v. Commissioner, supra. Without such a basis, any allowance would amount to unguided largesse. Williams v. United States, 245 F.2d

559, 560-561 (5th Cir. 1957).  The Court does not question, as petitioner claimed at trial, that the church helped him while he was experiencing a host of personal problems.  Because petitioner failed to provide any reliable evidence of his claimed contributions, the Court finds that there is no basis upon which to estimate petitioner's charitable contributions for 2002.  Accordingly, respondent is sustained on this issue.

As previously stated, petitioner claimed an itemized deduction for medical and dental expenses of $3,866 in excess of the 7.5-percent limitation under section 213(a).[5]  Respondent disallowed the deduction in full for a lack of substantiation.

Section 213(a) allows as a deduction any expenses that are paid during the taxable year for the medical care of the taxpayer, his spouse, and dependents and that are not compensated for by insurance or otherwise.  Estate of Smith v. Commissioner, 79 T.C. 313, 318 (1982).  The deduction is allowed only to the extent that the amount exceeds 7.5 percent of adjusted gross income.  Sec. 213(a).

Petitioner admitted at trial that the amount claimed for medical and dental expenses was not correct and that his medical expenses were limited to the amount he spent for insurance and prescription drugs.  He admitted his medical expenses were "not

---

[5]The amount reported before the limitation imposed by sec. 213(a) was $6,970.

that much" and that his total expenses likely did not exceed 7.5 percent of his adjusted gross income.  Accordingly, respondent is sustained on this issue.

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered

under Rule 155.